IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD L. WRIGHT, | ) |
|         Plaintiff, | ) |
|     v. | ) Civil Action No. 08-1304 |
| MICHAEL J. ASTRUE,<br>COMMISSIONER OF<br>SOCIAL SECURITY, | ) |
|         Defendant. | ) |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 24th day of March, 2010, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income (SSI) under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his application for SSI on January 31, 2003, alleging a disability onset date of May 1, 2001, due to neck and shoulder pain, depression and diabetes. Plaintiff's application was denied initially. At plaintiff's request, an ALJ held a hearing on January 15, 2004, at which plaintiff, represented by counsel, appeared and testified. On March 26, 2004, the ALJ issued a decision finding plaintiff not disabled. However, the Appeals Council vacated that decision and remanded the case to the ALJ for another hearing[1], which was held on March 16, 2006. On September 22, 2006, the ALJ issued a decision again finding plaintiff not disabled. On August 1, 2008, the Appeals Council denied review making the ALJ's September 22, 2006, decision the final decision of the Commissioner.

Plaintiff was 42 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff has an eighth grade education

---

[1] The Appeals Council also directed the ALJ to consolidate plaintiff's January 31, 2003, application with a subsequent application for SSI that plaintiff filed on April 4, 2004.

which is classified as limited. 20 C.F.R. §416.964(b)(3). He has past relevant work experience as a laborer/roofer, tree trimmer and sales person, but he has not engaged in any substantial gainful activity since the date his application was filed.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of degenerative disc disease of the cervical spine, non-insulin dependent diabetes mellitus, gastroesophageal reflux disease, peptic ulcer, degenerative lumbar disc disease, alcohol and cannabis dependency, depression and panic attacks, those impairments, alone or in combination, do not meet or equal the criteria of any impairment listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in sedentary work with certain restrictions recognizing the limiting effects of his impairments.[2] Relying on the testimony of a vocational expert, the ALJ concluded that although plaintiff cannot perform his past relevant work, he retains the residual functional capacity to perform jobs existing

---

[2] Specifically, the ALJ found that plaintiff has the residual functional capacity to perform sedentary work but is limited to "performing simple, routine, repetitive tasks involving no more than limited contact with the public." The ALJ also found that plaintiff requires "the ability to change positions from sitting to standing every 10-20 minutes, and must avoid repetitive bending." (R. 19).

in significant numbers in the national economy, such as surveillance monitor, assembler and document preparer. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[3] 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the

---

[3] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §416.920. See also Newell, 347 F.3d at 545-46. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §416.920a.

AO 72
(Rev. 8/82)

claim need not be reviewed further. <u>Id.</u>; see <u>Barnhart v. Thomas</u>, 124 S.Ct. 376 (2003).

Here, plaintiff raises two challenges to the ALJ's finding of not disabled at step 5: (1) the ALJ improperly evaluated the medical evidence by rejecting the consultative examiner's assessment regarding plaintiff's ability to perform work-related mental tasks; and, (2) the ALJ erred in finding plaintiff's subjective complaints of pain and limitations not fully credible. Upon review, the court is satisfied that all of the ALJ's findings are supported by substantial evidence.

At step 5 of the sequential evaluation process, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with his medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(g). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §416.945(a); <u>Fargnoli</u>, 247 F.3d at 40.

Here, the ALJ found that plaintiff retains the residual functional capacity to perform sedentary work activity with numerous restrictions accounting for the limitations arising from his impairments. (R. 19). In assessing plaintiff's residual functional capacity finding, the ALJ considered all of the relevant evidence, both medical and non-medical, and ultimately determined that plaintiff retains the ability to perform sedentary work with the enumerated restrictions. (R. 19-22).

- 5 -

Plaintiff contends that the ALJ's residual functional capacity finding improperly discounted the opinion of Dr. Uran, the consultative examiner, who opined that plaintiff has marked limitations in understanding and remembering detailed instructions; in carrying out detailed instructions; in making judgments on simple work-related decisions; and in responding appropriately to work pressures and changes in a routine work setting, as well as extreme limitations in interacting appropriately with the public, supervisors and coworkers. (R. 329). Plaintiff argues that the ALJ improperly rejected Dr. Uran's assessment in favor of a "check-box" form completed by the state agency reviewing physician, Dr. Heil. Upon review, the court is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Under the regulations, an ALJ is to evaluate every medical opinion received, regardless of its source, and is required to consider numerous factors in deciding the weight each opinion is entitled, including the examining and treatment relationship and the specialization of the medical source along with the opinion's supportability and consistency and any other factors tending to support or contradict the opinion. 20 C.F.R. §416.927(d). Importantly, the opinion of a physician, treating or otherwise, on the issue of what an individual's residual functional capacity is or on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §416.927(e); SSR 96-5p.

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and the court finds no error in the ALJ's conclusions. In particular, the ALJ expressly addressed Dr. Uran's opinion in his decision, and, for the most part, gave that opinion "considerable weight." (R. 21). However, to the extent that Dr. Uran found marked and extreme limitations in certain functional areas, the ALJ discounted it and explained in sufficient detail why. (R. 21).

Specifically, the ALJ noted that Dr. Uran's own mental status examination of plaintiff was inconsistent with the severity of limitations noted on her assessment, as that examination did not record any significant clinical abnormalities. (R. 21). Instead, the ALJ placed greater reliance on the opinion of Dr. Heil, the state agency psychologist, who opined that plaintiff could meet the demands of competitive work on a sustained basis. The ALJ adequately explained his rationale for relying on Dr. Heil's opinion in his decision. (R. 21).

Plaintiff's contention that the ALJ erred in rejecting Dr. Uran's assessment in favor of the opinion of the state agency reviewing physicians is unpersuasive. Pursuant to the Regulations, state agency medical consultants are "highly qualified physicians ... who are also experts in Social Security disability evaluation." 20 C.F.R. §416.927(f)(2)(i). Accordingly, while not bound by findings made by reviewing physicians, the ALJ is to consider those findings as opinion evidence, and is to evaluate them under the same standards as all

other medical opinion evidence. 20 C.F.R. §416.927(f)(2)(ii); SSR 96-6p. The ALJ did so here and determined that Dr. Heil's conclusions were entitled to greater weight than Dr. Uran's as to the severity of the limitations arising from plaintiff's impairments. Accordingly, the court finds no error in the ALJ's decision not to give Dr. Uran's opinion significant weight as to the extent of the limitations arising from plaintiff's mental health impairments. SSR 96-2p; 20 C.F.R. §416.927(d).

In sum, the ALJ did a thorough job in addressing the relevant medical evidence and explaining why he gave lesser weight to the opinion of Dr. Uran to the extent it found marked and extreme limitations in certain areas of functioning. Because Dr. Uran's assessment in that regard is inconsistent with other substantial evidence in the record, including the objective medical findings and plaintiff's own daily activities, her assessment is not entitled to significant weight. The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence, and resultant residual functional capacity finding, are supported by substantial evidence.

As to plaintiff's second argument that the ALJ improperly found plaintiff not fully credible, the court is satisfied that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations. Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §416.929(c),

and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); see also SSR 96-7p.

Here, the ALJ adequately explained in his decision why he did not find plaintiff's allegations regarding the intensity of his symptoms to be as severe as plaintiff alleged. (R. 22). In fact, the ALJ did not reject plaintiff's allegations entirely, but afforded plaintiff "the benefit of the doubt" by reducing his residual functional capacity to the sedentary level and accommodating plaintiff by restricting him from bending and allowing him to change positions from sitting to standing every 10-20 minutes. (R. 22).

Moreover, while it is true, as plaintiff now asserts, that sporadic and transitory activities cannot be used to show an ability to engage in substantial gainful activity, see Fargnoli, 247 F.3d at 40, n.5, the ALJ did not do so here. Instead, in determining plaintiff's residual functional capacity, the ALJ properly considered plaintiff's allegations in light of his activities of daily living, his treatment history and the absence of medical opinion evidence supporting his allegations of totally debilitating symptoms, and adequately explained in his decision how plaintiff's activities were inconsistent with more restrictive limitations. (R. 20).

AO 72
(Rev. 8/82)

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

                                                Gustave Diamond
                                                United States District Judge

cc:   Terry K. Wheeler, Esq.
      56 Clinton Street
      Greenville, PA 16125

      Paul Kovac
      Assistant U.S. Attorney
      U.S. Post Office & Courthouse
      700 Grant Street, Suite 4000
      Pittsburgh, PA 15219